UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMANDA FITTON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PINNACLE PROPANE, LLC,<br><br>Defendant. | Case No. 3:23-cv-01559-B |

**SUPPLEMENTAL DECLARATION OF RAINA BORRELLI IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR <u>PRELIMINARY APPROVAL OF CLASS SETTLEMENT</u>**

I, Raina Borrelli, being competent to testify, make the following declaration based on my personal knowledge.

1. I am an attorney duly licensed to practice law in the State of Minnesota and am a partner at Strauss Borrelli PLLC. I am Counsel for Plaintiff and the proposed Settlement Class in the above-captioned action (the "Action"). I submit this supplemental declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement in response to the Court's request at the June 18, 2024, hearing on Plaintiff's Motion. Doc. 23.

2. At the June 18, hearing, the Court requested that Plaintiff's counsel provide detailed time records in support of the attorney's fee contemplated by the proposed Settlement.

3. At this preliminary approval stage, the settling parties bear the burden of demonstrating that the settlement is fair, reasonable, and adequate. *See In re Cirrus Logic, Inc.*, No. A-07-CA-212-SS, 2009 WL 10670041, at *6 (W.D. Tex. Jan. 8, 2009); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. 11-CV-1363, 2012 WL 92498, at *7 (E.D. La. Jan.

10, 2012). However, at preliminary approval, the standard is not as stringent as that applied to a motion for final approval. *See In re Pool Prods. Distrib. Market Antitrust Litig.*, 310 F.R.D. 300, 314 (E.D. La. 2015) (citing *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 86 (E.D.N.Y. 2007)). "If the proposed settlement discloses no reason to doubt its fairness, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, does not grant excessive compensation to attorneys, and appears to fall within the range of possible approval, the court should grant preliminary approval." *In re Pool Prods.*, 310 F.R.D. at 314-315. Plaintiff's counsel believes that the Settlement, including the proposed fee request (which will be formally made via motion consistent with the Settlement Agreement), satisfies this standard.

4. Consistent with the Settlement Agreement, Plaintiff will file a motion for approval of her requested attorney's fees, costs, and Plaintiff's service award by 14 days ahead of the opt-out and objection deadline. That motion, which the Court will consider at the time it considers a motion for final approval of the settlement, will detail the basis for Plaintiff's request of attorney's fees and costs

5. Through June 20, 2024, Plaintiff's counsel has spent 95.6 hours on the litigation totaling $61,637.50 in lodestar. This lodestar contemplates activities undertaken to date, including initial case investigation, researching and drafting the Complaint, review and analysis of Defendant's motion to dismiss, preparation for mediation including reviewing Defendant's informal discovery responses and drafting a mediation statement, attending mediation, negotiating and drafting the Settlement Agreement, researching and drafting the motion for preliminary approval, and preparing for and attending the preliminary approval hearing.

6. Moreover, there is a substantial amount of work yet to be done by Plaintiff's counsel before this case is concluded. Once preliminary approval is granted, Plaintiff's counsel

will work with the Settlement Administrator to effectuate notice and to facilitate the claims process (including addressing any questions from Settlement Class member). Additionally, and consistent with the Settlement Agreement and Fed. R. Civ. P. 23(e), Plaintiff's counsel will research and draft a motion for approval of their requested attorney's fees, costs and Plaintiff service award as well as a motion for final approval of the Settlement. Finally, Plaintiff's counsel will prepare for and attend the final approval hearing. These are important and time-consuming steps required by the class settlement approval process that have yet to take place and will result in significant additional time and lodestar for Plaintiff's counsel before this case is concluded. Plaintiff's counsel expects that, conservatively, this will add at least $25,000.00 in additional lodestar to what has been accrued to date, which would result in a modest lodestar multiplier of approximately 2.0. Such a modest multiplier has been consistently recognized as reasonable by courts in the Fifth Circuit. Indeed, multipliers of 1 to 4 are "typically approved by courts within [the Fifth] circuit." *Burford v. Cargill, Inc.*, No. 05- 0283, 2012 U.S. Dist. LEXIS 161232, at *6 n. 1 (W.D. La. Nov. 8, 2012); *Di Giacomo v. Plains All Am. Pipeline*, No. Civ.A. H-99-4137, 2001 U.S. Dist. LEXIS 25532 at *11 (S.D. Tex. Dec. 19, 2001) (stating same and approving 5.3 multiplier).

7. The breakdown of time spent by each Plaintiff's counsel firm is laid out below. Attached hereto as **Exhibit A**, are Strauss Borrelli's detailed time records in this matter through June 20, 2024. Attached hereto as **Exhibit B** are Kendall Law Group's detailed time records in this matter through June 20, 2024.

8. A summary indicating the amount of time expended by the partners, associates, and professional support staff of Plaintiff's Counsel as of June 20, 2024, is set forth below:

**Strauss Borrelli**

| Timekeeper | Rate | Hours | Amount |
|---|---|---|---|
| Samuel J. Strauss (Partner) | $700.00 | 17.1 | $11,970.00 |
| Raina C. Borrelli (Partner) | $700.00 | 49.9 | $34,930.00 |
| Zog Begolli (Associate) | $425.00 | 0.2 | $85.00 |
| Carolyn Chen (Associate) | $400.00 | 15.0 | $6,000.00 |
| Michael Oellerich (Associate) | $450.00 | 2.0 | $900.00 |
| Rachel Pollack (Legal Assistant) | $225.00 | 0.3 | $67.50 |
| Lizzy Addell (Legal Assistant) | $150.00 | 1.0 | $150.00 |
| Ahleea Zama (Legal Assistant) | $150.00 | 1.5 | $225.00 |
| **TOTAL** | | **87.0** | **$54,327.50** |

**Kendall Law Group**

| Timekeeper | Rate | Hours | Total |
|---|---|---|---|
| Joe Kendall (Partner) | $850.00 | **8.6** | **$7,310.00** |

9. In my opinion and experience, this time was reasonably and justifiably incurred.

10. Class Counsels' hourly rates, as set forth in the Lodestar Summary above, are reasonable, appropriate and consistent with the rates charged for legal services in similar complex class action litigation such as this one. Class Counsel has confirmed that their hourly rates as adjusted for inflation have been accepted by state and federal courts for purposes of lodestar determinations and for purposes of lodestar cross-checks in other recent class action cases.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of June, 2024, at Eagan, Minnesota.

By: */s/ Raina C. Borrelli*
Raina C. Borrelli
STRAUSS BORRELLI PLLC
980 Michigan Avenue, Suite 1610

4

Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com

## **CERTIFICATE OF SERVICE**

  I, Raina C. Borrelli, hereby certify that on June 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, below, via the ECF system.

DATED this 21st day of June, 2024.

         TURKE & STRAUSS LLP

         By: */s/ Raina C. Borrelli*
           Raina C. Borrelli
           STRAUSS BORRELLI PLLC
           980 Michigan Avenue, Suite 1610
           Chicago, Illinois 60611
           Telephone: (872) 263-1100
           Facsimile: (872) 263-1109
           raina@straussborrelli.com