UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMANDA FITTON, on behalf of herself and all others similarly situated,<br><br>                          Plaintiff,<br><br>v.<br><br>PINNACLE PROPANE, LLC,<br><br>                          Defendant. | Case No. 3:23-cv-1559 |

## ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT

This matter came before the Court on Plaintiff Amanda Fitton's ("Plaintiff" or "Class Representative") Unopposed Motion for Preliminary Approval of Class Settlement Agreement ("Motion"). Plaintiff, individually, and on behalf of the proposed Settlement Class, and Pinnacle Propane. ("Pinnacle" or "Defendant," and together with Plaintiff, the "Parties") have entered into a Settlement Agreement (the "Settlement Agreement") and First Stipulation to the Settlement Agreement that settles the above-captioned litigation.

On July 13, 2023, Amanda Fitton ("Plaintiff" or "Settlement Class Representative") filed a Class Action Complaint against the Defendant in the United States District Court for the Northern District of Texas, Dallas Division, Case No. 3:23-cv-1559 ("Litigation").

Plaintiff alleged that Pinnacle suffered a ransomware attack on its IT network systems on December 4, 2022, ("Incident") that resulted in an unauthorized third-party accessing files that contained the names, addresses, and Social Security numbers ("Private Information") of current and former employees of Pinnacle.

-1-

Following arms-length negotiations, the Parties negotiated a settlement with the assistance of Hon. Jay C. Gandhi (ret.) at a mediation on December 5, 2023, by which the Parties agree and hereby wish to resolve all matters pertaining to, arising from, or associated with the Litigation, including all claims Plaintiff and Settlement Class Members have or may have had against Pinnacle and related persons and entities, as set forth herein.

Having reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement is **GRANTED** as set forth herein.[1] This Order is based on Federal Rule of Civil Procedure 23.

1. <u>**Class Certification for Settlement Purposes Only.**</u>  For settlement purposes only and pursuant to Federal Rules of Civil Procedure Rule 23(a) and the requirements of Rule 23(b)(3), the Court conditionally certifies the Settlement Class in this matter defined as follows:

> All Individuals whose Private Information was compromised or potentially compromised in the Data Incident disclosed by Pinnacle in June 2023.

Excluded from the Settlement Class are:

> (1) the judge presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

The Court conditionally finds, for settlement purposes only, that: (1) the Settlement Class is so numerous that joinder of all members is impracticable, (2) there are questions of law or facts common to the Settlement Class, (3) the claims or defenses of the Class Representative are typical

---

[1] Unless otherwise indicated, capitalized terms used in this Order Granting Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as in the Settlement Agreement.

of the claims or defenses of the Settlement Class, (4) the Class Representative and Settlement Class Counsel will fairly and adequately assert and protect the interests of the Settlement Class, and a class action provides a fair and efficient method of adjudication of the controversy.

2. **Class Representative and Settlement Class Counsel.**

Amanda Fitton is hereby designated and appointed as the Class Representative. The Court provisionally finds that the Class Representative is similarly situated to absent Settlement Class Members and therefore typical of the Class and that they will be adequate Class Representative.

The Court finds that the following counsel is experienced and adequate counsel and is hereby provisionally designated as Settlement Class Counsel: Raina Borrelli of Strauss Borrelli PLLC.

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court concludes and finds that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Classes to warrant providing Notice of the Settlement to the Settlement Class and accordingly the proposed Settlement is preliminarily approved.

4. **Jurisdiction.** The Court concludes that it has subject matter jurisdiction and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this Court.

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on **Tuesday, December 3, 2024 at 10:00 AM** at 1100 Commerce St, Dallas, TX 75242, to determine, among other things, whether: (a) this matter should be finally certified as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement Agreement between the Parties should be finally approved; (c) the Settlement and Settlement Agreement should be finally approved as fair,

reasonable, adequate, and in the best interests of the Settlement Class; (d) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (e) Settlement Class Members (except those who have timely and valid requests for exclusion from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (f) Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, and Service Award should be granted; (g) Strauss Borrelli PLLC should be finally appointed as Settlement Class Counsel; and (h) Amanda Fitton should be finally appointed as Class Representative.

Plaintiff's Motion for Final Approval of the Class Action Settlement shall be filed with the Court thirty (30) days before the date of the final approval hearing, and Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, and Service Award to Class Representative shall be filed with the Court at least fourteen (14) Days prior to the deadline for Settlement Class Members to opt-out of or object to the Settlement.

6. **Administration.** The Court appoints Analytics Consulting LLC as the Settlement Administrator, with responsibility for the Notice Program and Claims Administration and to fulfill the duties of the Settlement Administrator set forth in the Settlement Agreement. Notice and Claims Administration Costs, including, but not limited to, the Settlement Administrator's fees, as well as the costs associated with the provision of notice to the Settlement Class Members and administration of the Settlement, shall be paid from the Settlement Fund.

7. **Notice to the Class.** The proposed Notice Program set forth in the Settlement Agreement, including the Short Form Notice and the Long Notice, which are attached to the Settlement Agreement as **Exhibits A and F**, satisfy the requirements of Federal Rules of Civil Procedure 23(e)(1), the United States Constitution, and other applicable laws, and constitute

reasonable notice of the commencement of the action, provide a fair recital of the subject matter and proposed terms or the Settlement, provide Settlement Class Members with details regarding how to request exclusion from or to object to the Settlement Agreement, and are hereby approved. Non-material modifications to these exhibits may be made without further order of the Court. The Settlement Administrator and Defendant are directed to carry out the Notice Program in conformance with the Settlement Agreement.

Within thirty-five (35) days of the date that Defendant provides a list of Settlement Class Members to the Settlement Administrator (the "Notice Date"), the Settlement Administrator shall send the Notice in **Exhibit A** to all Settlement Class Members by post-card notice or, for those individuals which mail addresses are unknown, any other reasonable means practicable which may include email if email addresses are known.

8. **Findings and Conclusions Concerning Notice.** The Court finds that the form, content, and method of giving notice to the Settlement Class as described in this Preliminary Approval Order and the Settlement Agreement (including the exhibits thereto) constitutes reasonable notice of the commencement of the action to the Settlement Class. Specifically, the Notices (both Short Form and Long Form in **Exhibits A and F**) themselves are clear and straightforward. They define the Settlement Class; clearly describe the options available to class members and the deadlines for taking action; describe the essential terms of the Settlement, including a description of the subject matter and the proposed terms of the Settlement, including a summary of the monetary or other benefits the class would receive; disclose the requested Service Award for the Class Representative, as well as the amount that Settlement Class Counsel intends to seek in fees, costs, and expenses; describe procedures for making claims, objections, and requesting

exclusion; provide information that will enable Settlement Class Members to calculate their individual recovery; describe the date, time, and place of the Final Fairness Hearing; and prominently display the address and phone number of Settlement Class Counsel and the Settlement Administrator for Settlement Class Members to make further inquiry about the Settlement. Finally, direct mailing via email and U.S. mail, combined with publishing on the Settlement Website, is designed to be the best reasonable notice of the commencement of the action to reach the Settlement Class Members under the circumstances. The Court concludes that the Notice Program meets all applicable requirements of law pursuant to Federal Rule of Civil Procedure 23(c), the United States Constitution, and other applicable laws.

9. **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must personally sign, and timely submit, complete, and mail a request for exclusion ("Opt-Out Request") to the Settlement Administrator at the address in the Notice. To be effective, an Opt-Out Request must be postmarked *no later than the final date of the Opt-Out Period, which is the one hundred and five (105)-Day period beginning upon the Notice Date*.

For the Opt-Out Request to be valid, it must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.

All Settlement Class Members who submit timely, valid Opt-Out Requests, shall receive no benefits or compensation under the Settlement Agreement, shall gain no rights from the Settlement Agreement, shall not be bound by the Settlement Agreement, and shall have no right to object to the Settlement or proposed Settlement Agreement or to participate at the Final Approval

Hearing. An Opt-Out Request or other request for exclusion that does not fully comply with the requirements for requesting exclusion from the Settlement Class or that is not timely submitted or postmarked, or that is sent to an address other than that set forth in the Notice, will be invalid, and the person submitting such request will be treated as a Settlement Class Member and will be bound by the Settlement Agreement, including the Release contained therein, and any judgment entered thereon.

10. **Objections.** A Settlement Class Member who complies with the requirements of the Settlement Agreement may object to the Settlement and to Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award for the Class Representative.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is sent to the Court *by the Objection Deadline, which is no later than one hundred and five (105) Days after the Notice Date*, as set forth in the Settlement Agreement and as specified in the Notice and must also include all of the information set forth in Paragraph 107 of the Settlement Agreement, which is as follows: (i) the name of the proceedings; (ii) the objector's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action

settlement; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

Any Settlement Class Member who fails to comply in full with the requirements for objecting in the Settlement Agreement, the Notice, and any Court orders will forever waive and forfeit any and all rights he or she may have to raise any objection to the Settlement Agreement, will not be permitted to object to the approval of the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means, and will be bound by the Settlement Agreement and by all proceedings, orders, and judgments in the Lawsuit.

11.  **Claims Process and Settlement Administration.** Class Representative and Defendant have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the plan for remuneration described in the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement, but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form, shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Order and Judgment.

12. **Termination of Settlement.** This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

13. **Use of Order.** This Preliminary Approval Order shall be of no force or effect if a Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this Lawsuit or in any other lawsuit.

14. **Stay of Proceedings.** Except as necessary to effectuate this Preliminary Approval Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Order and Judgment, or until such further order of this Court. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending the Final Approval Hearing and issuance of the Final Order and Judgement, or until such further order of this Court.

15. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator.

16. **Summary of Deadlines.** The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Preliminary Approval Order include, but are not limited to:

| EVENT | DATE |
|---|---|
| **Grant of Preliminary Approval** | |
| Settlement Administrator provides W-9 to Pinnacle | 5 days after Preliminary Approval Order |
| Pinnacle provides list of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval Order |
| Settlement Website Created | Prior to Notice Date |
| Notice Date | 35 days after Preliminary Approval Order |
| Class Counsel's Motion for Attorneys' Fee & Expenses and Class Representatives' Service Awards | 14 days before Objection and Exclusion Deadlines |
| Objection Deadline | 105 days after Notice Date |
| Opt-Out/Exclusion Deadline | 105 days after Notice Date |
| Claims Deadline | 135 days after Notice Date |
| Settlement Administrator Provide List of Objections/Exclusions to Counsel and the Court | 10 days after Opt-Out/Exclusion Deadline |
| Pinnacle deadline to terminate Settlement Agreement (over 2% Opt-Outs) | 7 days after Opt-Out list provided |
| Deadline to file Motion for entry of a Final Approval Order of Settlement | Monday, November 4, 2024 |
| **Final Approval Hearing** | Tuesday, December 3, 2024 |
| **Final Approval** | |
| Effective Date | First day after all are satisfied: Settlement Agreement executed, Preliminary Approval Order entered, Notice provided, Final Approval Order & Final Judgment |

|  | entered by court and become Final (i.e., 30 days thereafter, or after appeal is complete). |
|---|---|
| Settlement Administrator to provide status update on Claims | 30 days after Effective Date (or 30 days after completion of Claims processing) |
| Payment of Attorneys' Fees and Expenses Class Representative Service Award | 10 days after Effective Date |
| Settlement Administrator to provide enrollment instructions for Credit Monitoring Services to Class Members who selected this benefits | 30 days after Effective Date |
| Settlement Administrator to pay claims | 60 days after Effective date (or the date when all Claims have been processed) |
| Settlement Website Deactivation | 90 days after Effective Date |

**SO ORDERED.**

**SIGNED: June 26, 2024.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE