UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMANDA FITTON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PINNACLE PROPANE, LLC,<br><br>Defendant. | Case No. 3:23-cv-1559 |

### ORDER GRANTING PLAINTIFF'S UNOPPOSED
### MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiff Amanda Fitton ("Plaintiff")'s Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") (Doc. 29) and Motion for Attorneys' Fees, Costs, and Expenses to Settlement Class Counsel, and Service Award Payment to Plaintiff ("Motion for Attorneys' Fees") (Doc. 28). Having reviewed and considered the Stipulation and Settlement Agreement (the "Settlement Agreement") between Plaintiff and Defendant Pinnacle Propane, LLC ("Pinnacle," and together with Plaintiff, the "Parties"), the Motions, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

On June 26, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Doc. 26) which, among other things: (a) conditionally certified this matter as a class action for purposes of the Settlement, (b) appointed Plaintiff as the Settlement Class Representative and appointed Raina Borrelli of the law firm Strauss Borrelli PLLC as Settlement Class Counsel; (c) preliminarily approved the Settlement Agreement;

1

(d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Approval Hearing.

Pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing.

On December 19, 2024, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice.

The Court has (i) given an opportunity to be heard to all Settlement Class Members in accordance with the Preliminary Approval Order; (ii) reviewed the submissions presented with respect to the proposed Settlement Agreement; (ii) held the Final Approval Hearing; (iv) determined that the Settlement Agreement is fair, adequate, and reasonable; (v) considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for a Service Award Payment to the Representative Plaintiff. Having reviewed the materials in support thereof, **IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS**:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.      The Settlement does not constitute an admission of liability by Pinnacle, and the Court expressly does not make any finding of liability or wrongdoing by Pinnacle or any other Person.

3.      Unless otherwise indicated, terms in this Final Judgment and Order Approving Class Action Settlement ("Final Approval Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4.      The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23(e)(2), grants final approval of the Settlement, and for purposes of the Settlement and this Final Approval Order and Judgment only, the Court hereby finally certifies the Settlement Class.

5.      The Settlement was entered into in good faith following arm's-length negotiations and is not collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

6.      The Court affirms and incorporates herein by reference its preliminary conclusions as to the satisfaction of FRCP Rule 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of

manageability that may be presented by certification of the Settlement Class proposed in the Settlement Agreement.

7.   The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiff's application for attorneys' fees, costs, and expenses, and the Service Award Payment to the Settlement Class Representative has been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court. Defendant has complied with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

8.   The Court finds that the Notice, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

9.   The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

10.  As of the Opt-Out deadline, two potential Settlement Class Members have requested to be excluded from the Settlement. All Settlement Class Members who have not validly excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment and

the Settlement Agreement.

11. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral challenge, or otherwise.

12. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Approval Order and Judgment and the terms of the Settlement Agreement.

14. Pursuant to the Settlement Agreement, Pinnacle, the Settlement Administrator, and Settlement Class Counsel shall implement the Settlement in the manner and timeframe as set forth in the Settlement Agreement.

15. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

16. Pursuant to the Settlement Agreement, Plaintiff and the Settlement Class Members release claims against Defendant and all Released Persons, as defined in the Settlement Agreement, as follows:

> Upon Final Approval of this Settlement Agreement, Settlement Class members release, acquit, and forever discharge Pinnacle and all of its respective past, present, and future parent companies, partnerships, subsidiaries, affiliates, divisions, employees, servants, members, providers, partners, principals, directors, shareholders, and owners, and all of their respective attorneys, heirs, executors, administrators, insures, coinsurers, reinsurers, joint ventures, personal representatives, predecessors,

successors, transferees, trustees, and assigns, and includes, without limitation, any Person related to any such entities who is, was, or could have been named as a defendant in the Action, as well as covered entities associated with the Data Incident ("Released Parties") from all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to any release of Private Information from the Data Incident, and conduct that was alleged or could have been alleged in the Litigation, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the disclosure of Private Information from the Data Incident (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Incident.

17. Released Claims shall not include the right of any Settlement Class Member, Plaintiff's counsel, Settlement Class Counsel, or any of the Released Persons to enforce the terms of the Settlement contained in the Settlement Agreement.

18. Upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, pursuing, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided in the Settlement Agreement) in which any of the Released Claims is asserted.

19. On the Effective Date and in consideration of the promises and covenants set forth in the Settlement Agreement, (i) Plaintiff and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasors), and each of them

(collectively and individually, the "Releasing Persons"), and (ii) Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims. The release set forth in the preceding sentence (the "Release") shall be included as part of any judgment, so that all Released Claims shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

20. Without in any way limiting the scope of the Release, the Release covers, without limitation, any and all claims for attorneys' fees, costs, and expenses incurred by Settlement Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or any of them, in connection with or related in any manner to the Lawsuit, the Settlement, the administration of such Settlement and/or the Released Claims, as well as any and all claims for the Service Award to Plaintiff.

21. Subject to Court approval, as of the Effective Date, all Settlement Class Members shall be bound by the Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Lawsuit or the Settlement.

22. As of the Effective Date, the Released Persons are deemed, by operation of the entry of this Final Order and Judgment, to have fully released and forever discharged Plaintiff, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiff or Settlement Class Members, or any of them, of and from any claims arising out of the Lawsuit or the Settlement. Any other claims or defenses Defendant or other Released Persons may have against

7

Plaintiff, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiff or Settlement Class Members, including, without limitation, any claims based upon or arising out of any employment, debtor-creditor, contractual, or other business relationship that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Lawsuit or the Released Claims are not released, are specifically preserved, and shall not be affected by the preceding sentence.

23. As of the Effective Date, the Released Persons are deemed, by operation of entry of the Final Order and Judgment, to have fully released and forever discharged each other of and from any claims they may have against each other arising from the claims asserted in the Lawsuit, including any claims arising out of the investigation, defense, or Settlement of the Lawsuit.

24. The Court grants final approval to the appointment of Plaintiff Amanda Fitton as Settlement Class Representative. The Court concludes that the Settlement Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

25. Pursuant to the Settlement Agreement, and in recognition of her efforts on behalf of the Settlement Class, the Court approves a payment to the Settlement Class Representative in the amount of $5,000 as a Service Award Payment. Pinnacle shall make such payment in accordance with the terms of the Settlement Agreement.

26. The Court grants final approval to the appointment of Raina Borrelli of the law firm Strauss Borrelli PLLC as Settlement Class Counsel. The Court concludes that Settlement Class Counsel has adequately represented the Settlement Class and will continue to do so.

27. The Court grants Settlement Class Counsel's application for attorneys' fees, costs, and expenses in the amount of $163,333.33 in fees and $18,668.33 in reasonable costs and expenses.

"Many courts . . . have concluded that the best approach [to determine attorneys' fees] is to use the percentage method in a common-fund . . . case with the lodestar method as a cross-check." *In re Heartland*, 851 F. Supp. 2d 1040, 1072–73. And in the Fifth Circuit, courts using "the percentage method to calculate attorneys' fees in common fund class actions must "cross-check[]" those results with the so-called *Johnson* factors." *In Re Apache Corp. Securities Litigation*, No. 4:21-CV-00575, 2024 WL 4881432, at *5 (S.D. Tex. Nov. 25, 2024) (quoting *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012)).

Thirty-three percent represents an appropriate benchmark percentage here. The Fifth Circuit "give[s] district courts wide latitude" to determine an appropriate percentage for attorneys' fees. *In re Apache Corp.*, 2024 WL 4881432, at *4. Courts in the Fifth Circuit have recently awarded between 18 and 33 percent in attorneys' fees. *See id.* (collecting cases). And while the percentage tends to decrease as the total recovery for the class grows, *In re Apache Corp.*, 2024 WL 4881432, at *4, here, the $490,000 settlement fund is small compared to other class actions. This warrants a 33 percent benchmark.

Furthermore, a 33 percent award is fair and reasonable when cross-checked with the lodestar and *Johnson* analyses. The lodestar analysis calculates attorneys' fees by determining the attorneys' hours billed. *In re Heartland*, 851 F. Supp. 2d at 1082. Applying the lodestar analysis as a cross-check avoids windfalls by "ensur[ing] that the percentage approach does not lead to a fee that represents an extraordinary lodestar multiple." *Id.* at 1086 (quotations omitted). The lodestar multiple results from comparing the lodestar—i.e., hours billed—with the fees sought. *See Erica P. John Fund, Inc. v. Halliburton Co.*, No. 3:02-CV-1152-M, 2018 WL 1942227, at *8 (N.D. Tex. Apr. 25, 2018).

Here, the lodestar cross-check supports awarding 33 percent attorneys' fees. At the Final

Approval Hearing, Settlement Class Counsel testified that Counsel had provided over 140 hours of work, resulting in a $91,000 lodestar. Based on the billing records before the Court, the hours billed were for reasonably necessary legal work. *See* Doc. 28-2, Ex. A, 14–16. A 33 percent award results in a 1.79 lodestar multiplier, which is reasonable in the Fifth Circuit. *See, e.g.*, *Burnett v. CallCore Media, Inc.*, No. 4:21-CV-03176, 2024 WL 3166453, at *6 n.3 (S.D. Tex. June 25, 2024) (finding a lodestar multiplier of less than three as "well within the range of reasonableness").

Most *Johnson* factors, which are a "reasonableness check," also support a 33 percent award. *See Erica P. John Fund*, 2018 WL 1942227, at *8; *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). As discussed above, Settlement Class Counsel spent a combined 140 hours on pertinent legal work for the case. And while settling early saved Counsel from dealing with the more complicated analysis required for dispositive motions, *see In re Heartland*, 851 F. Supp. 2d at 1083, quickly obtaining a favorable settlement for the Settlement Class required skill. *See id.* A 33 percent award is also within the customary range in the Fifth Circuit. *See In re Apache Corp.*, 2024 WL 4881432, at *4 (collecting cases). Furthermore, Counsel worked under a contingency fee and risked losing time and money. Plaintiffs alleged an amount in controversy of up to $5 million. Counsel obtained about 10 percent of that, or $490,000. Fifth Circuit courts have upheld a 25 percent fee for attorneys obtaining only 4.4% of estimated damages, so 33 percent is appropriate here. See *id.* at *6. Finally, Counsel detailed their vast class action experience, which they attested and demonstrated that they used to represent the Settlement Class. *See* Doc. 28-2, Borrelli Decl., ¶¶ 27–45. While the novelty and difficulty of the legal issues is neutral or slightly disfavors a large grant of attorneys' fees, the Court finds that all other relevant *Johnson* factors favor the 33 percent fee award.

Lastly, the Court finds Class Counsel's costs and expenses of $18,668.33 reasonable. Accordingly, the Court grants Settlement Class Counsel's application for attorneys' fees, costs, and expenses in the amount of $163,333.33 for fees and $18,668.33 for reasonable costs and expenses. Payment shall be made pursuant to the terms of the Settlement Agreement.

28. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Pinnacle of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Pinnacle or of the validity or certifiability for litigation the Settlement Class or any claims that have been, or could have been, asserted in the Action. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, nor shall they be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Pinnacle, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Approval Order and Judgment shall not be construed or admissible as an admission by Pinnacle that Plaintiff's claims or any similar claims are suitable for class treatment. The terms of the Settlement Agreement terms shall be forever binding on, and shall have maximum *res judicata*, collateral estoppel, and all other

preclusive effect in, all pending and future lawsuits, claims, suits, demands, petitions, causes of action, or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

29. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Pinnacle will provide compensation to the Settlement Administrator for any amounts already incurred by the Settlement Administrator for costs of notice to the Settlement Class and Settlement administration, and will not, at any time, seek recovery of same from any other Party to the Action or from counsel to any other Party to the Litigation.

30. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority

to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

31. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

32. This Order resolves all claims against all Parties in this action and is a final order.

33. Per the terms of the Parties' Settlement Agreement, this Action is **DISMISSED WITH PREJUDICE**.

34. A separate final order and judgment shall follow.

**SO ORDERED**.

**SIGNED: December 20, 2024.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

13